[1] The state applies from a ruling of the trial judge granting a motion to suppress a seizure under a warrant.
[2] On September 10, 1980 defendant was charged by bill of information with possession of marijuana with intent to produce or cultivate, a violation of R.S. 40:967(A)(1). The indictment was based on contraband seized from the defendant's home on January 7, 1980 pursuant to a search warrant issued that same day.[1] In the affidavit sworn out for the search warrant, Sabine Parish Deputy Sheriff McComic stated that he had probable cause to believe that there was contraband in the defendant's residence because he had personally observed a bottle filled with marijuana seeds and *West Page 1101 
because a reliable informant had told him that a wood box on the living room coffee table contained smoking paraphernalia. He stated that the informant was known to him to be reliable because he had furnished reliable information on more than one occasion in the past to the sheriff's office.
[3] On October 8, 1980 defendant filed a motion to suppress the evidence. He contended that Deputy McComic's observations could not serve as a valid basis for the search warrant because they resulted from an unconstitutional search. He urged that if the unconstitutionally obtained portion of the affidavit were excised, the remainder would not support issuance of a search warrant, because the informant's reliability was not adequately established and his observations were not sufficiently detailed.
[4] Testimony adduced at the hearing on the motion to suppress revealed that an acquaintance of the defendant, Randy Cothern, told Deputy McComic he had seen a bottle containing marijuana seeds at the defendant's home. Deputy McComic, in plainclothes, and Cothern returned to the defendant's home. Cothern introduced the deputy as his cousin and said that he wished to see the defendant's stepfather about a personal matter. The defendant "let them in." After a few minutes of conversation, McComic asked to use the "restroom;" he had been told by Cothern that the bottle was being used as a doorstop and was visible from the bathroom door. McComic was in fact able to see the bottle at the door to the bedroom. He approached it, concluded on the basis of his narcotics training that the seeds were indeed marijuana, placed a fingerprint on the bottle, and returned to the living room. After a few more minutes of conversation, he and Cothern left, and Cothern apprised him of the contents of the wood box on the coffee table. McComic then obtained the search warrant, which he executed that evening.
[5] The trial judge granted defendant's motion to suppress the evidence. He found no justification for the failure to obtain a search warrant before the initial entry. Before this court, the state argues that Deputy McComic's initial visit to the defendant's residence was not an illegal search and therefore does not invalidate the warrant or taint the evidence seized thereunder. The state contends that the defendant did not display any reasonable expectation of privacy in regard to the contraband, since he kept it in a place where it could be seen by any visitor to the home.
[6] Defendant does not deny that McComic was in his house with defendant's consent. Defendant did not know McComic was a deputy, and made no inquiries when Cothern introduced McComic as his cousin. McComic did nothing illegal in entering, and took nothing from the house. He was entitled to see what was openly displayed while he was in the house. He properly reported his find to a magistrate and obtained a warrant to seize the contraband.
[7] The trial judge erred in granting the motion to suppress. Deputy McComic's original visit was not an unreasonable search violative of the defendant's Fourth Amendment rights. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Its essential purpose is to shield the citizen from unwarranted intrusion into his privacy.Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961). To invoke the protection of the Fourth Amendment, a person must show that he had a reasonable expectation of privacy which was invaded by the government's action. There are two facets to the proof:
[8] ". . . first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as `reasonable' . . . ." Katz v. United States, 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576, 588 (1967) (Harlan, J. concurring).
[9] In the case before us, the defendant kept the marijuana seeds in a clear glass bottle by the door of his bedroom. The bottle was not hidden by the door and was visible from the hall. Since the bedroom *West Page 1102 
door was only a few feet from the bathroom, anyone who came to the house and went to the bathroom could see the bottle. The smoking paraphernalia was in a box on the coffee table in the living room. The record does not show how Cothern learned the contents of the box. We affirm that:
[10] ". . . What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. . . ." Katz v. United States, supra, 389 U.S. at 351, 88 S.Ct. at 511, 19 L.Ed.2d at 582.
[11] We recognize that the defendant might not have left the bottle in such an exposed position if he had known that Cothern's "cousin" was in fact a police officer who could recognize the seeds for what they were. Obviously, the defendant trusted Cothern, who had been to his home on several previous occasion, and did not think that he would betray him. Nevertheless, the Fourth Amendment does not protect ". . . . a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it. . . ." Hoffa v. United States, 385 U.S. 293, 302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374, 382 (1966). The defendant inHoffa argued that an informer's failure to disclose his role vitiated the consent given to this presence; he claimed that the informer conducted an "illegal search" for verbal evidence by listening to the defendant's statements. The court held the evidence admissible, concluding:
[12] ". . . .. no interest legitimately protected by the Fourth Amendment is involved. . . . the petitioner was not relying on the security of his hotel suite when he made the incriminating statements to Partin or in Partin's presence. . . he was relying upon his misplaced confidence that Partin would not reveal his wrongdoing. . . . ." Hoffa v. United States, supra, 385 U.S. at 302, 87 S.Ct. at 413, 17 L.Ed.2d at 382.
[13] The court also recognized the need for decoys and undercover police work in other cases. Lewis v. United States,385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); Lopez v.United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). In Lopez the defendant, charged with attempted bribery of an Internal Revenue Service agent, contended that the evidence obtained by the agent, that is, his conversation with the agent, was illegally "seized" because the agent had gained access to his office by misrepresentation. A majority of the court held that the agent did not unlawfully invade the privacy of the defendant's office, since he was there with defendant's consent and obtained as evidence only statements that the defendant made with full knowledge that those statements could be used against him. Even the dissenting justices commented:
[14] ". . . . The risk of being overheard by an eavesdropper or betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society. It is the kind of risk we necessarily assume whenever we speak. . . .." Lopez v. United States, supra, 373 U.S. at 465, 83 S.Ct. at 1402, 10 L.Ed.2d at 486.
[15] Deputy McComic's actions during his first visit to defendant's home did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. His observations could serve as a valid basis for the issuance of the search warrant and the seizure of the contraband. Moreover, since those observations themselves furnish sufficient probable cause for the issuance of the warrant, the reliability or credibility of the informant's assertions becomes immaterial.
[16] The ruling of the district court sustaining the motion to suppress is reversed, and the motion to suppress is denied. The case is remanded to the district court for further proceedings.
[1] The evidence seized consisted of a one gallon bottle containing marijuana seeds, a plastic bag containing marijuana seeds, and a wooden box containing smoking paraphernalia. *West Page 1103