JiMURRAY, Judge.
This case is before this Court on remand from the Supreme Court for briefing, argument and opinion. The issue to be decided is whether the trial court erred when it suppressed evidence seized from an apartment by police officers who received permission to enter the home by the owner.
The relevant facts are uncontested and as follows:
*1374 On May 5,1994, Officers Harry O’Neal and Karl Crowder, in plain clothes and without any type of police identification visible or apparent, arrived on bicycles at 5254 Annunciation Street after receiving an anonymous complaint that a dwelling there was being used as a lunch hour crack house. Arresting Officer O’Neal, a 19½ year veteran of the New Orleans Police Department, testified that when the officers arrived at the residence they saw a man, later determined to be Louis Chapman, sitting on the steps in front of the screen door to the apartment. As the officers stopped their bicycles in front of the house, Mr. Chapman moved aside and told the officers “They’re in back.”
Officer O’Neal testified that he took Mr. Chapman’s statement and action in moving aside to allow entrance to the house as tacit consent to enter the apartment. Officer O’Neal entered the apartment, going directly towards the kitchen in the back where he heard voices. In the kitchen he found respondents, Warren Massey and Francis Parker, amidst marijuana, crack cocaine, and drug paraphernalia, all in plain view on the kitchen table. Officer O’Neal hand Officer Crowder, who had remained outside, but who rushed to the kitchen when he heard the disturbance, arrested Mr. Massey and Ms. Parker. The drugs and paraphernalia in plain view were seized. No search of the apartment was conducted.
Mr. Massey and Ms. Parker were charged with possession of marijuana and cocaine. They both pled not guilty and moved to suppress the seized evidence. The trial court granted the motion on the ground that the officers did not have valid consent from the apartment’s occupant, finding that the State failed its burden of proof regarding the free and voluntary nature of Mr. Chapman’s consent. The trial court apparently based its decision on the fact that the officers were in plain clothes and that they did not ascertain that the person who gave them consent to enter the apartment had authority to do so.
We disagree. Unreasonable searches and seizures are prohibited by both the Louisiana and the United States Constitutions. La. Const, art. 1, § 5; U.S. Const. Amend. 4. While it is well-settled that warrantless searches are per se unreasonable, a warrant-less search conducted pursuant to voluntary consent is not unreasonable. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973); State v. Lyons, 514 So.2d 558, 560 (La.App. 4th Cir.1987), writ denied, 581 So.2d 680 (La.1991).
The State bears the burden of proving that the consent has been freely and voluntarily given. State v. Owen, 453 So.2d 1202, 1206 (La.1984); State v. Brown, 598 So.2d 565, 572 (La.App. 4th Cir.1992). In addition to being VOLUNTARY, the consent must be valid. That is, it must be given by a person possessing a common authority over or a sufficient relationship to the effects or the premises which the police are seeking to inspect. United States v. Matlock, 415 U.S. 164, 170-72, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); State v. Bodley, 394 So.2d 584, 588 (La.1981). A trial court’s finding regarding consent to search is a factual matter, and, as such, is entitled to deference and given great weight on appellate review. State v. Wilson, 467 So.2d 503, 518 (La.1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985), rehg. denied, 474 U.S. 1027, 106 S.Ct. 585, 88 L.Ed.2d 567 (1985).
Considering the question of the existence of consent we note that it is undisputed that when Mr. Chapman first saw the officers, before they had even gotten off their bicycles, he moved over from his position blocking the door, and indicated to the officers that “they” were in the back. This action and words reasonably were construed by the officers as permission for them to enter the apartment. See, Brown, 598 So.2d at 572 (finding that 13defendant’s act of handing hoe to officer should be deemed consent, even though he did not specifically tell the officer that he could search the fire).
Having found consent was given, we turn next to the question of whether it was given voluntarily. The question to be *1375 asked with regard to this issue is: was the consent voluntary or was it the product of coercion, express or implied. Schneckloth, 412 U.S. at 227-29, 93 S.Ct. at 2048. Courts must examine all the surrounding circumstances to determine if the consent was voluntary. Stave v. Ludwig, 423 So.2d 1073, 1076 (La.1982). Although the officers, who were dressed in plain clothes, did not identify themselves as policemen, there is no requirement that they do so. See, State v. McCommons, 398 So.2d 1100, 1101 (La.1981). There is no evidence nor any allegation of threats, promises, pressure, duress or coercion of any kind that would obviate the voluntariness of Mr. Chapman’s consent.
Finally, we consider whether the consent was valid. Mr. Chapman, the person who consented, was the occupant of the apartment. Although Officer O’Neal did not determine Mr. Chapman’s authority before he entered the apartment, his authority to consent is beyond question.
Based on these circumstances, it was error to suppress the evidence seized.
WRIT GRANTED; JUDGMENT REVERSED.