450 So.2d 59 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Alton A. COBB, Defendant-Appellant.
No. K83-1103.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*60 George Perez, Lake Charles, for defendant-appellant.
F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before CUTRER, STOKER and KNOLL, JJ.
CUTRER, Judge.
Alton A. Cobb was charged by bill of information with the crime of making obscene telephone calls in violation of LSA-R.S. 14:285. In November 1983, the defendant pleaded nolo contendere to the charge and was sentenced to serve a term of one year in the parish jail and to pay a fine of $500.00 plus court costs, in default of the payment of which the defendant would be required to serve sixty days in jail. The one year jail term was suspended, and the defendant was placed under supervised probation for a period of two years, subject to the conditions of LSA-C.Cr.P. art. 895, "with a special condition that he serve thirty days in jail."
The defendant assigns as error the imposition of the special condition of probation, that the defendant serve thirty days in jail.[1]
Defendant was charged and convicted under R.S. 14:285. He was, therefore, subjected to a maximum term of imprisonment of two years; there is no provision for hard labor under this statute. Misdemeanors are negatively defined to be crimes other than felonies, and a felony is defined as being an offense punishable by death or imprisonment at hard labor. LSA-R.S. 14:2; C.Cr.P. art. 933. Therefore, violations of R.S. 14:285, which are not punishable by imprisonment at hard labor, are deemed misdemeanors.
Having concluded that the crime of which defendant was convicted was a misdemeanor, the question arises as to whether the trial court can, as a special condition of probation, order that the defendant serve thirty days in jail.
LSA-C.Cr.P. art. 895 sets forth the conditions of probation that may be imposed by the trial court in misdemeanor and felony cases:
"A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:

*61 "That the defendant shall:

* * * * * *
"B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years."
Paragraph B specifically limits the condition of time to be spent in jail (not to exceed two years) to felony cases. This provision does not authorize the trial court, in misdemeanor cases, to order that, as a condition of probation, the defendant serve time in jail. Such a condition in misdemeanor cases is illegal. State v. Upton, 382 So.2d 1388 (La.1980).
We shall reverse the trial court sentence only insofar as it imposed this illegal condition of probation. The remainder of the sentence shall be affirmed.
For these reasons, the judgment of the lower court, only insofar as it orders the defendant to serve thirty days in jail as a condition of probation, is reversed and set aside. In all other respects, the conviction and sentence are affirmed.
REVERSED IN PART: AFFIRMED IN PART.
NOTES
[1] This case was presented to this court as a writ application. We are considering it as an appeal since the maximum sentence for this charge is two years imprisonment. Under LSA-C.Cr.P. art. 779, defendant was entitled to a jury trial. Under Article V, § 10 of the 1974 Constitution defendant is entitled to an appeal. Accordingly, we shall treat the writ application as an appeal.