451 So.2d 1146 (1984)
STATE of Louisiana
v.
Alvin PERKINS.
No. KA-0619.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1984.
*1148 Dwight Doskey, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., Allison Gosselin, Law Clerk, New Orleans, for appellee.
Before KLEES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
A unanimous twelve person jury found defendant guilty as charged of armed robbery, a violation of La.R.S. 14:64. Defendant now appeals his conviction specifying one assignment of error, viz: "The trial court erred in denying the motion to suppress the evidence and the alleged oral confession."
We reviewed the record to determine the merits of defendant's assignment of error. In accordance with Art. 1 Sec. 19 of the Louisiana Constitution of 1974 and La.C. Cr.P. Art. 920(2), we also reviewed the record for any errors discoverable by a mere inspection of the pleadings and proceedings. Additionally, we reviewed the trial record to determine the sufficiency of the evidence.
We found no error warranting reversal of defendant's conviction. We, therefore, *1149 affirm defendant's conviction and sentence.[1]

ERRORS PATENT
We reviewed the record for any errors discoverable by an inspection of the pleadings and proceedings and found one. The trial judge did not state for the record that defendant's sentence must be served without benefit of parole, probation or suspension of sentence. See La.R.S. 14:64. We, therefore, amend defendant's sentence to conform with La.R.S. 14:64. See: State v. Telsee, 425 So.2d 1251 (La. 1983), and State v. McCoy, 450 So.2d 690, No. KA-1632 (La.App. 4th Cir. May 10, 1984), footnote one.

SUFFICIENCY OF THE EVIDENCE
Armed robbery is defined as "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La.R.S. 14:64.
The trial evidence established that the defendant, accompanied by a co-perpetrator, stole jewelry and money from three employees of a Zales Jewelry store through the use of threats and intimidation while armed with handguns. All three employees positively identified defendant as one of the robbers. No evidence contradicted the testimony of the employees, or successfully challenged their ability to positively identify the robbers, particularly defendant.
After viewing the evidence in this case in the light most favorable to the prosecution, we find that any rational trier of fact could have found that every element of armed robbery was proven beyond a reasonable doubt. This being the standard for determining the sufficiency of the evidence, we find the evidence in this case sufficient to sustain defendant's conviction. Cf. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).

ASSIGNMENT OF ERROR
Defendant argues that the trial court erred by denying his motion to suppress evidence and alleged inculpatory statement. Police seized the evidence, without benefit of a warrant, when they arrested defendant and his co-perpetrator at his co-perpetrator's apartment. Subsequent to his arrest, defendant made a statement to the arresting officers in their office at Police Headquarters prior to their transporting defendant to Central Lockup for booking.
Generally, a warrantless, non-consensual entry into a private residence in order to effect an arrest in constitutionally impermissible. United States v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982); Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); State v. Brown, 387 So.2d 567 (La.1980). The entry and subsequent arrest will be upheld, however, if the police officers have probable cause to arrest an occupant of the residence and entry into the protected area can be justified under one of the narrow exceptions to the warrant requirement. State v. Hathaway, 411 So.2d 1074 (La. 1982); State v. Smith, 392 So.2d 454 (La. 1980), State v. Abadie, 390 So.2d 517 (La. 1980) Police entry into a residence under "exigent circumstances" is one exception to the warrant requirement. State v. Franklin, 353 So.2d 1315 (La.1977). Intrusion into a protected area is justified, therefore, if there is probable cause to arrest and there are exigent circumstances. State v. Rudolph, 369 So.2d 1320 (La.1979). Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence. State v. Hathaway, supra; State v. Rudolph, supra; State v. Abadie, supra.
*1150 Probable cause for an arrest exists when facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a person of ordinary caution in believing that the person to be arrested has committed a crime. State v. Hathaway, supra. Prior to defendant's arrest, the victims in two New Orleans area jewelry store armed robberies had identified defendant as the robber. The victims of the Zales robbery had not identified defendant prior to his arrest, but they had supplied police with a detailed description of the robbers. At the time of defendant's arrest, police recognized him as having been identified as the perpetrator of two armed robberies and as fitting the description of one of the robbers of the Zales Jewelry Store. The officers had probable cause to arrest defendant.
Defendant was arrested at the residence of his co-perpetrator in the Zales robbery, Beverly Childs. When police arrived at the residence, they knocked on the door and identified themselves as police. After a couple of minutes Ms. Childs answered the door. Ms. Childs was arrested because police recognized her as having been identified by the victims as one of the robbers of the Zales store.
When Ms. Childs opened the door, the police observed the defendant, whom the police recognized, run from the room down a hallway. The officers rushed into the apartment to apprehend defendant. They also opened the apartment's rear door to admit other officers who could assist in the arrest. Defendant's flight when he saw the officers created exigencies upon which the officers were justified in acting to prevent defendant's escape, to avoid a possibly violent confrontation and to prevent destruction of evidence.[2]
Defendant's arrest was valid because police had probable cause to arrest and were confronted with exigent circumstances which justified their entry into Ms. Childs's apartment.
A confidential informant supplied police with the location of Ms. Childs's apartment and information that defendant and Ms. Childs could be found there. Defendant argues that his arrest was illegal because the State did not prove the reliability and credibility of the informant and his information. In this case the information supplied by the informant had no effect upon the determinations of probable cause and exigent circumstances. Nothing in our law would prevent the police in this case from knocking on Ms. Childs's door. Defendant's argument is without merit.
Searches and seizures of evidence without a warrant are per se unreasonable unless justified under one of the narrow exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hernandez, 410 So.2d 1381 (La.1982). Once a defendant makes an initial showing that a warrantless search occurred, the burden of proof shifts to the State to affirmatively show that the search is justified under one of the narrow exceptions. State v. Hernandez, supra.
The State argues that the search and the seizure of the evidence in this case were justified under the "plain view" exception. In order for a warrantless seizure to come under the plain view rule, three conditions must be satisfied: (1) There must be a prior justification for an intrusion into a protected area, (2) in the course of which evidence is inadvertently discovered, (3) where it is immediately apparent without close inspection that the items are evidence or contraband. State v. Hernandez, supra.
We held, above, that the police were justified in entering Ms. Childs's apartment. The officers testified to discovering, while effecting the arrests, jewelry and a gun in the bathroom, more jewelry in a pile on the *1151 bed in the bedroom, and two more guns under the mattress of the bed. All of these items were immediately recognizable without close inspection as evidence in an investigation involving armed robberies of jewelry stores. Requirements (1) and (3) of the plain view rule were satisfied.
The jewelry and the gun found in the bathroom were inadvertently discovered when the officers apprehended the defendant. The jewelry found in the bedroom was inadvertently discovered in a pile on the bed when the officers entered to escort out of the bedroom another occupant of the apartment whose unsupervised presence presented potential serious danger to the arresting officers. As to these items all three requirements of the plain view rule were satisfied. We find, therefore, that as to these items defendant's motion to suppress was properly denied.
As to the other two guns, however, we find that the trial court did err in not suppressing this evidence.[3] These guns were not found inadvertently, but were found only after the police returned to the bedroom and searched under the mattress. At that point the police had secured the apartment and its occupants. If they thought they had probable cause to search the apartment for additional evidence, they should have maintained their security and applied to a magistrate for a warrant to search.
Seizure of this evidence is likewise not justifiable as a search incident to a lawful arrest. At the time the officers returned to the bedroom, the area was no longer within the immediate control of any of the occupants of the apartment. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Commodore, 418 So.2d 1330 (La.1982).
Introduction of this evidence at trial, however, even though erroneous, does not warrant reversal of defendant's conviction. The victims were unable to identify either of the guns found in the bedroom as having been used by the robbers. The gun found in the bathroom was identified as having been used by defendant during the robbery. As to the weapon used by Ms. Childs, the only testimony the witnesses could give was that "it looked very large" and that "it had a black barrel."
Our Supreme Court in State v. Gibson, 391 So.2d 421 (La.1980), articulated the proper standard to be applied by appellate courts to determine if the trial court's erroneous admission of illegally seized evidence warrants reversal of a defendant's conviction. Applying this standard in connection with the illegally seized evidence in this case, we find that there is no reasonable possibility that the guns might have contributed to the convictions, and that admission of the guns into evidence was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, supra.
Defendant's assignment of error as to his motion to suppress the physical evidence does not merit reversal of his conviction.
As to defendant's assignment of error because the trial court did not suppress evidence concerning statements he made, we note that defendant did not move the court to suppress the statements. Consequently, there was no hearing on the issue, and, obviously, the trial court did not render a ruling.
Prior to trial the State gave defendant notice of its intention to use evidence of the statements at trial, and at trial laid the proper predicate for introduction of the statements. Defendant's counsel cross-examined one officer on the predicate, but no objection was raised to the introduction of the statements. Defense counsel's only objection was that the court would not let him cross-examine the second officer on the predicate. That issue (limited denial of cross-examination) has not been raised on appeal, and, therefore, cannot *1152 be considered. La.C.Cr.P. Art. 920. The issue concerning whether defendant's rights connected with making statements were constitutionally safeguarded was never presented to the trial judge, leaving no ruling for this court to review.
We, nevertheless, have reviewed all of the evidence concerning defendant's statements. We find that the evidence establishes beyond a reasonable doubt that the statements were given by defendant freely, voluntarily, and intelligently, after he had been advised of his rights concerning the making of statements and interrogation by police, and after he had indicated that he understood these rights. This portion of defendant's assignment of error is without merit.

CONCLUSION
Having found no error which warrants reversal of defendant's conviction, we affirm. Further, we amend and recast defendant's sentence to provide that it shall be served without benefit of parole, probation or suspension of sentence. As amended, defendant's sentence is affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Defendant has not appealed his sentence. Having found no error which would require resentencing, and having affirmed his conviction, for completeness we also affirm his sentence.
[2] Defendant was apprehended in the bathroom where he had apparently attempted to dispose of some jewelry by throwing it into the toilet. A gun was also found near the defendant on the bathroom floor.
[3] Because this evidence was erroneously admitted, we did not consider it when we conducted our review to determine the sufficiency of the evidence.