477 So.2d 914 (1985)
STATE of Louisiana
v.
Lenelle JONES.
No. KA-3040.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
*915 Honorable William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., Patricia E. Black, Asst. Dist. Atty., New Orleans, for appellee.
Harry E. Cantrell, New Orleans, for appellant.
Before REDMANN, C.J., and CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Lenelle Jones, was charged by bill of information with the April 9, 1984 aggravated battery of Donald Ardoin, a violation of LSA R.S. 14:34.[1] Defendant was arraigned on May 30, 1984 and pled not guilty. Defendant waived her right to trial by jury. On July 20, 1984, the Honorable Miriam G. Waltzer found defendant guilty as charged. On July 31, 1984 defendant was sentenced to ten (10) years at hard labor, suspended. Defendant was placed on five (5) years active probation with eighteen months in parish prison as a condition of that probation.

FACTS:
At approximately 12:00 midnight on April 9, 1984, Donald Ardoin and defendant became embroiled in a verbal argument at their place of employment, Jasper's Restaurant, 228 Bourbon Street in the City of New Orleans. Ardoin left the restaurant with a fellow employee and waited outside to speak to the manager. The defendant came out of the restaurant, told Ardoin she had something for him and then walked up the street towards Canal Street. Approximately two (2) minutes later, Ardoin began walking up Bourbon Street towards Canal Street. When he reached the corner he observed defendant leaning against a parked automobile. Fearing an attack by defendant, he removed a shoe from the bag he was carrying. Defendant drew a large knife and threatened Ardoin. Ardoin spotted a long plastic tube on the ground. He replaced the shoe in the bag and picked up the plastic. Defendant attacked Ardoin with the knife. Using the plastic tube as a shield, Ardoin struck at defendant's hand several times. On the third strike, defendant dropped the knife but continued to attack Ardoin. She scratched him and broke his neck chain and earphones. Ardoin struck defendant. Three acquaintances of Ardoin and defendant, who had been walking toward the bus stop, observed the attack and intervened. Ardoin and defendant were grabbed and separated. Ardoin picked up the knife and handed it to Thomas Mathews. Mathews quickly dropped the knife down the gutter drain. The fight ended. The three acquaintances told defendant to board the waiting bus and return home. Ardoin told his friends he was going to return to Jasper's to telephone his father. Defendant began walking toward the bus as if she intended to board. She abruptly turned and began to run after Ardoin holding another, smaller knife which she pulled from the bag she was carrying. Defendant stabbed Ardoin in the abdomen as he tried to fend her off with his shoe. Defendant then wiped the blood from her hand and boarded the bus. Ardoin ran back to Jasper's where his employer summoned the police. Officer Grafton Salvant responded to the call. He found Ardoin lying on the floor with a gapping wound to his abdomen.
*916 Defendant appeals her conviction and sentence asserting the following assignments of error:
1) The State failed to present sufficient evidence to sustain a conviction beyond a reasonable doubt.
2) The trial court erred in sentencing the defendant to an illegal sentence.

ASSIGNMENT OF ERROR I:
Defendant asserts that the evidence was insufficient to support her conviction. At trial, defendant asserted that Ardoin attacked her with a metal pipe and that she stabbed him in self defense. Once the defendant raises the issue of self defense, the burden is upon the State to establish beyond a reasonable doubt that the defendant did not act in self defense. State v. Lynch, 436 So.2d 567 (La.1983); State v. Savoy, 418 So.2d 547 (La.1982).
This Court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Matthews, 464 So.2d 298 (La.1985); State v. Andrews, 452 So.2d 687 (La.1984). Defendant was convicted of aggravated battery, which is defined by LSA R.S. 14:34 as "a battery committed with a dangerous weapon". LSA R.S. 14:33 defines "battery", in part, as "the intentional use of force or violence upon the person of another".
Here, the evidence at trial clearly established that defendant and Ardoin had been engaged in a verbal argument at their place of employment and that after the argument ended, defendant waited for the victim as he walked towards Canal Street and attacked him with a knife. The fight was broken up by several friends who threw the knife into a gutter drain out of reach of defendant. Ardoin and defendant began to leave the scene when defendant ran after Ardoin, and attacked him again, stabbing him with another knife. Thus, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the battery was not committed in self-defense. State v. Matthews, supra. This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
Defendant asserts that the trial court erred in sentencing defendant to a ten (10) year suspended sentence and placing defendant on five (5) years active probation with the special condition that she serve eighteen (18) months in Parish Prison. Defendant argues that the imposition of the eighteen (18) month prison term as a condition of probation after suspending the ten (10) year sentence (the maximum term allowed under LSA R.S. 14:34) is illegal as it exposes defendant to a prison term longer than is authorized by LSA R.S. 14:34. The State asserts that defendant's argument is premature because only in the event of revocation of her probation would defendant be exposed to a greater prison term than is authorized, and then only provided that she is not given credit for time served.[2]
We find no merit in the State's argument and agree with defendant.
Under C.Cr.P. Art. 895(B)[3], it is permissible to impose as a condition that a defendant *917 serve a prison term without hard labor. However, our Supreme Court has stated that when the maximum sentence is imposed, then suspended, with additional imprisonment, such a sentence is illegal because it exposes the defendant to a term in excess of that authorized by statute. State v. Wagner, 410 So.2d 1089 (La.1982). Although the Court in Wagner reversed defendant's sentence on a misdemeanor conviction on other grounds, the Court also stated quite clearly its position on such sentences:
"We also find the imposition of the one month prison term illegal in this case because it exposes the defendant to a greater prison term than is permitted by the statute he violated.
Defendant pled guilty to simple battery. La.R.S. 14:35. The maximum penalty provided for the crime is six months imprisonment. He was sentenced to serve six months in parish prison, suspended. Requiring defendant to serve one month imprisonment (in this case, as an additional condition of probation) exposes defendant to the risk of serving seven months in jail in the event his probation should be revoked. Seven months exceeds the maximum prison term authorized by R.S. 14:35." Id. at 1091.[4]
C.Cr.P. Art. 880 does not protect a defendant from such exposure as this article specifically addresses a defendant's pre-sentence custody and therefore only provides defendant an absolute right to credit for time served for pre-trial and pre-sentence detention.[5]
For the foregoing reasons defendant's conviction is affirmed. Defendant's sentence is reversed and the case remanded for re-sentencing.
CONVICTION AFFIRMED, SENTENCE REVERSED AND REMANDED.
NOTES
[1] LSA R.S. 14:34:

Aggravated Battery
Aggravated battery is a battery committed with a dangerous weapon.
Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.
[2] C.Cr.P. Art. 880 states:

"The Court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." (emphasis added)
[3] C.Cr.P. Art. 895 states:

"A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following....
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years...."
[4] See also: State v. Connors, 432 So.2d 308 (La.App. 5th Cir.1983).
[5] In the instant case an example of a permissable sentence would be eight years (8) years and six (6) months at hard labor, suspended, five (5) years active probation with eighteen (18) months in parish prison as a condition thereof with credit for time served.