489 So.2d 296 (1986)
STATE of Louisiana
v.
Lloyd F. HELWIG.
No. KA-4539.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*297 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
John M. Lawrence, New Orleans, for defendant-appellant Lloyd F. Helwig.
Before GARRISON, KLEES and WARD, JJ.
KLEES, Judge.
On March 28, 1985, the defendant was charged by bill of information with possession of hydrocodone in violation of R.S. 40:967. The defendant originally pled not guilty. After the trial court denied defendant's motions to suppress evidence and a confession, the defendant withdrew his plea of not guilty and entered a plea of guilty. The State then filed a multiple bill to which the defendant pled guilty. Defendant was sentenced to two and one-half years at hard labor and court costs or thirty days in default. The defendant filed a motion for appeal from the trial court's denial of the motions to suppress as per State v. Crosby, 338 So.2d 584 (La.1976).
In his only assignment of error, the defendant alleges that the trial court erred in ruling that his consent to search and his statements made during his arrest were freely and voluntarily given.
A search conducted without a warrant is per se unreasonable, Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), unless it is justified by one of the well-defined narrow exceptions to the warrant requirement. State v. Huizar, 414 So.2d 741 (La.1982); State v. Hernandez, 410 So.2d 1381 (La.1982). One exception is a search conducted pursuant to consent. In order to rely upon this exception, the State must prove that the consent was freely and voluntarily given. State v. Owen, 453 So.2d 1202, 1206 (La.1984); State v. Ossey, 446 So.2d 280, 287 (La.1984) cert. den., ___ U.S.___, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984); State v. Edwards, 434 So.2d 395, 397 (La.1983); State v. Yarbrough, 418 So.2d 503, 506 (La.1982).
At the suppression hearing, the defendant argued that Officer Baudin's offer to recommend to the district attorney that the defendant be placed in a chemical abuse program was a promise which induced him to confess and consent to the search. Officer Baudin testified that when he first approached the defendant, the defendant indicated his willingness to cooperate. The defendant then signed a consent to search form and a waiver of rights. Baudin further testified that he told the defendant that he could not promise the defendant anything.
*298 The voluntariness of consent is a question of fact to be determined by the district court judge under the facts and circumstances of each case, and his determination is entitled to great weight on review. Ossey, supra; Edwards, supra; Yarbrough, supra. We agree with the trial court that defendant's consent to search was freely and voluntarily given.
Before a confession may be introduced into evidence, the State must show, affirmatively and beyond a reasonable doubt that the confession was made freely and voluntarily and not under the influence of fear, duress, intimidation, menace, threats, inducements or promise. C.Cr.P. article 703; R.S. 15:451; State v. Vessell, 450 So.2d 938 (La.1984); State v. Nuccio, 454 So.2d 93 (La.1984). When a defendant makes specific allegations of coercion or abuse, the State must specifically rebut each allegation. Vessell, supra; Nuccio, supra.
In the case before us, Officer Baudin testified that the defendant was not coerced into giving his consent to search. Although the officer did tell the defendant that he would speak with the prosecutor, he specifically told the defendant that he could not make any promises. Officer Baudin also testified that the defendant had expressed his willingness to confess prior to the officer's statement to the defendant. Based upon this testimony, the trial court found that the confession and consent to search were voluntarily given. The determination of admissibility is a matter for the trial judge and his conclusions will not be disturbed unless they are not supported by the evidence as a whole. Nuccio, supra; State v. Burkhalter, 428 So.2d 449 (La. 1983). We conclude that the trial judge's findings are supported by the evidence. Defendant's consent to search and confession were freely and voluntarily given.
This assignment is without merit.
A review of the record for errors patent reveals none.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.