WICKER, Judge.
This appeal arises from the sentence imposed on the defendant, Mark S. Pontiff as a result of his conviction of attempted theft of property valued in excess of $500.00. (L.S.A.-R.S. 14:27) Pontiff was charged originally with the theft of property valued in excess of $500.00 from his employer, Van Dresser and Hawkins, Inc., but subse *415 quently pleaded guilty to the reduced charge of attempted theft- While no agreement as to sentencing was made as part of the plea arrangement, a pre-sen-tence investigation was promised to Pontiff and a report was submitted to the trial judge prior to the sentencing hearing. After considering the report and all the factors leading to Pontiffs conviction, the trial court sentenced Pontiff to one year in prison. Execution of the sentence was suspended, however, and Pontiff was placed on probation for three years on condition that he pay a fine of $200.00, that he pay $112.50 in special costs within sixty days from his release from Parish prison, and that he serve ninety days in Parish prison with credit for time served.
Pontiff’s arrest was the result of an investigation instituted by his employer after finding that over $68,000.00 worth of merchandise was missing from the company warehouse. The equipment shortages were discovered during two inventories conducted by the company. An in-house investigation was conducted which included the polygraph testing of several employees, including Pontiff. Although the results of Pontiffs first polygraph test were satisfactory, a second polygraph test conducted by an independent polygraph operator after the second inventory, revealed untruthful responses by Pontiff when questioned regarding the missing equipment. When confronted by the polygraph operator, Pontiff gave a statement detailing his involvement in the thefts. Pontiff admitted that during the fall and winter of 1984, he and a co-employee stole $5,000.00 worth of the missing hand tools and equipment from the warehouse premises, and that he sold his portion of the merchandise to persons at a construction site near his home. Based on the statement of the company representative regarding the thefts and the confession of Pontiff, he was subsequently arrested and charged with theft.
On appeal, Pontiff asserts that the sentence is illegal and excessive in that the law does not authorize a prison term as a condition for probation in misdemeanor offenses, and that Pontiff's prior record, his excellent mental, emotional and physical health, and his potential for rehabilitation are factors which mitigate against the imposition of the maximum sentence. We agree that the sentence is illegal and remand the case for resentencing.
Our review of the record in this case reveals that the sentence received by Pontiff is illegal in three respects. First, the sentence is illegal because a trial judge is not authorized to impose a prison sentence in misdemeanor offenses as a condition of probation. Pontiff was initially charged with theft of property valued in excess of $500.00, a violation of L.S.A.-R.S. 14:67 which states in pertinent part that:
“[wjhoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.” [Emphasis added]
It is apparent from the above that Pontiff was originally charged with a felony.[1] The defendant however, pleaded guilty to the attempted theft of property valued in excess of $500.00, a violation of both L.S.A.R.S. 14:27 and 14:67. In regard to attempted felony theft R.S. 14:27(D)(2) provides:
“... If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both.” [Emphasis added]
Since a sentence at hard labor cannot be imposed for the offense of attempted felony theft, the offense is a misdemeanor. See C.Cr.P. art. 933(4); L.S.A.R.S. 14:2(6). State v. Griffin, 455 So.2d 681 (La.App. 2nd Cir.1984) writ denied 458 So.2d 128.
*416 C.Cr.P. art. 895 sets forth generally the conditions of probation which may be imposed by the trial judge upon a defendant who has been placed on probation. Section B of the statute provides that “In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.” (Emphasis added) Neither the statute nor the jurisprudence authorizes the trial court in misdemeanor cases to order a prison sentence as a condition of probation. State v. Upton, 382 So.2d 1388 (La.1980); State v. Cobb, 450 So.2d 59 (La.App. 3rd Cir. 1984). As held by the Louisiana Supreme Court in State v. Upton, a condition of probation which requires time in jail is limited to felony offenses and cannot be ordered in misdemeanor convictions. However, when the trial court believes it necessary to order the defendant to serve some time in prison, C.Cr.P. art 894(A) allows the court to impose the sentence, and thereafter suspend it with the exception of the amount of time he decides the defendant should spend in jail. Thus, in this case, the trial judge could have imposed the one year sentence without hard labor, and then suspended all but 90 days. Since he did not do so, Pontiffs sentence is illegal because it is a violation of C.Cr.P. art. 895.
Secondly, the sentence is illegal because the court sentenced Pontiff to a three year term of probation. Article 894(A) of the Code of Criminal Procedure sets the maximum period of probation in misdemeanor cases at two years. Thus, the probation period is longer than permitted by law.
Thirdly, we find that the sentence is illegally excessive because Pontiff has been exposed to a prison term of one year and ninety days, which is greater than the one year maximum provided by the statute for this offense. In State v. Jones, 477 So.2d 914, 917 (La.App. 4th Cir.1985) the court explained:
“Under C.Cr.P. art. 895(B) [footnote omitted] it is permissible to impose as a condition that a defendant serve a prison term without hard labor. However, our Supreme Court has stated that when the maximum sentence is imposed, then suspended, with additional imprisonment, such a sentence is illegal because it exposes the defendant to a term in excess of that authorized by statute, [cites omitted]
[[Image here]]
C.Cr.P. Art. 880 does not protect a defendant from such exposure as this article specifically addresses a defendant’s pre-sentence custody and therefore only provides defendant an absolute right to credit for time served for pre-trial and pre-sentence detention, [footnote omitted].” [Emphasis added]
State v. Wagner, 410 So.2d 1089 (La. 1982); State v. Conners, 432 So.2d 308 (La.App. 5th Cir.1983).[2]
Accordingly, after a review of the law and evidence, the defendant’s sentence is hereby vacated and the case remanded to the trial court for re-sentencing.
SENTENCE VACATED AND CASE REMANDED.

. Felony is defined by C.Cr.P. art. 933 as "an offense that may be punished by death or by imprisonment at hard labor." See also R.S. 14:2(4).

. Since we find that Pontiff’s sentence is illegal and excessive for the above stated reasons, we need not address the question of whether it is excessive based on the information from the pre-sentencing report and Pontiffs history.