497 So.2d 4 (1986)
STATE of Louisiana
v.
Jarvis NEWELL.
No. KA-4933.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, O.I.D.P. Attorney, New Orleans, for appellant.
Before GULOTTA, KLEES and BYRNES, JJ.
GULOTTA, Judge.
James Newell appeals his maximum ten year sentence for possession of phencyclidine. In his sole assignment of error, defendant contends the sentence imposed is illegal and excessive. We affirm the conviction, but vacate the sentence and remand for resentencing.
In our search for errors patent, we find that defendant was charged by a Bill of Information with illegal possession of a controlled dangerous substance, phencyclidine, a Schedule I drug under LSA-R.S. 40:964(D)(2), which is punishable under LSA-R.S. 40:966 with a maximum prison term of ten years and a fine not to exceed $5,000.00. However, the guilty plea form that defendant signed was for a violation of LSA-R.S. 40:967, which covers Schedule II drugs under LSA-R.S. 40:964 and carries a maximum penalty for illegal possession of five years' imprisonment and a fine of not more than $5,000.00. Nevertheless, the guilty plea form did state that defendant was pleading guilty to possession of phencyclidine which carried a maximum penalty of *5 ten years. Considering that defendant was aware that he was being charged with possession of phencyclidine and was subject to maximum penalty of ten years, we conclude that the erroneous reference to LSA-R.S. 40:967 in the guilty plea form rather than to LSA-R.S. 40:966 was only typographical. Under these circumstances, we hold that there exists no error patent on the record sufficient to warrant reversal.
Defendant pled guilty to possession of phencyclidine and was sentenced to ten years[1] at hard labor; however, his sentence was suspended and defendant was placed on five years' active probation with the condition that he serve four months in Parish Prison. Appealing, he claims that the sentence is illegal because the four month jail term could expose him to serving a greater sentence than the maximum ten years if probation were later revoked. We agree.
In State v. Wagner, 410 So.2d 1089 (La. 1982) a maximum sentence was imposed and then suspended with additional imprisonment as a condition of probation. The Supreme Court in Wagner concluded that such a sentence exposed the defendant to serve time in excess of the statutory maximum should probation be revoked. See also State v. Jones, 477 So.2d 914 (La.App. 4th Cir.1985). Based on the Wagner and Jones holdings, we conclude the sentence imposed in the instant case is likewise illegal because it exceeds the maximum statutory exposure.
Having so concluded, we do not address defendant's contention that the trial judge did not properly consider the mitigating factors enumerated under LSA-C.Cr.P. Art. 894.1.
Accordingly, defendant's conviction is affirmed, but his sentence is vacated. The matter is remanded for resentencing.[2]
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] LSA-R.S. 40:966(C)(2) provides a maximum penalty of ten years imprisonment and the court may impose a fine not to exceed $5,000.00 for unlawful possession of phencyclidine (LSA-R.S. 40:964  Schedule I).
[2] The State, in brief, is in accord with a remand to correct the illegal sentence.