GOTHARD, Judge.
Defendant was charged by bill of information with theft of property valued in *76 excess of five hundred dollars, a felony-offense in violation of LSA-R.S. 14:67. On September 23, 1985, he entered a plea of guilty to the reduced charge of attempted theft of property valued in excess of five hundred dollars, a misdemeanor offense. LSA-R.S. 14:27; 14:67. The trial court thereafter ordered a pre-sentence report. On December 6, 1985, it sentenced defendant to a year in the Parish Prison, the maximum term provided by the statute. Execution of the sentence was suspended, however, and Pontiff was placed on probation for three years on condition that he pay a fine of $200.00, that he pay $112.50 in special costs within sixty days from his release from Parish Prison, and that he serve ninety days in Parish Prison with credit for time served. Defendant appealed that sentence to this Court, urging that the trial judge imposed an illegal and excessive sentence. This Court vacated defendant’s sentence on the ground that it was illegal, and remanded for resentencing. See, State v. Pontiff, 490 So.2d 414 (La. App. 5 Cir.1986). Upon remand, a formal resentencing hearing was held on July 30, 1986, and defendant was then sentenced to ninety days in Parish Prison and fined $200 to be paid within sixty days after his release.
Defendant now urges that the trial judge failed to comply with the sentencing criteria of LSA-C.Cr.P. art. 894.1 and that the sentence is excessive and harsher than his original sentence.
A sentence will be remanded for further articulation only if a review indicates that it appears excessive. Mark Pontiff pled guilty to an offense which inadequately describes his conduct thereby obtaining a significant reduction in potential exposure to imprisonment.
Mark Pontiff was resentenced to ninety days imprisonment out of a possible one year. Since his previous sentence of ninety days in jail was additional to a suspended sentence with a lengthy probation, the resentencing of ninety days in jail is not excessive or harsh.
Although we find no merit in defendant’s appeal and affirm his resentenc-ing, we note, ex proprio motu, that the sentencing commitment incorrectly states the defendant’s term of imprisonment as was pronounced in open court and copied in the minute entry, which necessitates a remand, in order that the Department of Corrections does not hold the defendant under the terms of the erroneous commitment entry.
Accordingly, we remand the case to the district court for correction of the sentencing commitment to conform with the sentence as stated in open court and copied in the minute entry. See, State v. Cushman, 481 So.2d 1376 (La.App. 5 Cir.1986).
AFFIRMED AND REMANDED, WITH ORDER.