KLIEBERT, Judge.
Defendant Vincent L. Jenkins was charged by grand jury indictment with two counts of negligent homicide (LSA-R.S. 14:32). Jenkins was found guilty as charged by a six person jury. The trial judge imposed concurrent sentences of five years at hard labor on each count. The prison term was suspended and the defendant placed on five years active probation subject to the following special conditions:
(1) Serve two years in parish prison, at night, so as to work during the day;
(2) Driving privileges suspended for ten years;
(3) Make restitution in the amount of $10,000.00 ($5,000.00 to the estate of each victim);
(4) Pay a $1,500.00 fine;
(5) Pay court costs; and
(6) Pay a statutory supervision fee.
The defendant appeals the sentence as illegal and excessive. We find that the sentence is illegal and accordingly vacate the sentence and remand the case for resen-tencing.
The maximum prison term upon conviction of negligent homicide is five years. The court imposed concurrent terms of five years imprisonment, suspended the sentences, and as a condition of probation ordered the defendant to serve two years in prison. The sentence is illegal in that it exposes the defendant to a prison term in excess of five years should his probation be revoked after or during the course of the two-year prison term. See State v. Jones, 477 So.2d 914 (La.App. 4th Cir.1985); State v, Newell, 497 So.2d 4 (La.App. 4th Cir.1986). Moreover, the court ordered that the defendant’s driving privileges be suspended for ten years. *357 Since the maximum probationary term authorized by La.C.Cr.P. Article 893 is five years, it would appear the suspension of the driving privileges for more than five years is violative of Article 893 and is excessive.
Although we affirm the convictions, we find the sentences are illegal and hence vacate them and remand the case to the trial court for resentencing.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.