380 So.2d 620 (1980)
STATE of Louisiana
v.
Don E. SPANO, Jr.
No. 66256.
Supreme Court of Louisiana.
February 15, 1980.
*621 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Dist. Atty., for plaintiff-respondent.
Kenneth E. Badon, Henry R. Liles, Lake Charles, for defendant-relator.
PER CURIAM.
On August 31, 1979, defendant Don E. Spano, Jr. pleaded guilty to a charge of simple battery, La.R.S. 14:35. After studying a presentence investigation report and conducting a hearing in which defendant was given an opportunity to rebut the allegations of the report, the trial court imposed the following sentence:
"... defendant is ordered to serve 91 days in jail, the sentence is suspended and defendant placed on supervised probation for a period of 2 years, with a special condition of probation being that he serve 15 days in jail and that he not go to or about a commercial establishment whose principal commodity is entertainment or the sale of alcoholic beverages. Defendant is ordered to pay costs."
On defendant's representations that he had committed the offense under strong provocation, we granted writs to consider his argument that the sentence was excessive. Our review of the entire record discloses numerous aggravating circumstances offsetting the mitigating circumstances urged in defendant's behalf.
Accepting, as did the trial court, defendant's account of initial provocation by the victim, we also concur in the finding that defendant's attack on the victim, which occurred after the police had broken up their fight and separated them for questioning, represented an "intolerable ... defiance of the authority of the officers... present to control the situation." Moreover, defendant's lengthy record of arrests, originating primarily in barroom incidents, supports the imposition of a two-year probationary term, with the special conditions of a brief jail term and the avoidance of bars. These sanctions were thoughtfully tailored to defendant and the offense, and were not excessive.
However, as stated into the record, defendant's sentence includes a probationary condition that we do not think the trial court intended. When sentence was originally imposed on October 31, 1979, the court directed that defendant "may not go to or habituate any place of business whose principal commodity for entertainment is the sale or consumption of alcoholic beverages." (emphasis supplied). A week later, the court vacated the sentence[1] and imposed that recited above, with the condition that defendant avoid any "commercial establishment whose principal commodity is entertainment or the sale of alcoholic beverages." (emphasis supplied). Defendant's exclusion from bars, we have observed, is recommended by his record. The same cannot be said of his exclusion from all commercial places of entertainment, a condition that bears no relationship to the present offense and would not serve the sentencing goals of deterrence and rehabilitation. Because that condition would impose an excessive, unwarranted hardship on defendant, we vacate the sentence and remand the case for resentencing in accordance with the views herein expressed.
SENTENCE VACATED; REMANDED
DENNIS and WATSON, JJ., concur in the decree only, being of the opinion that the prior arrests, not resulting in convictions, do not justify the severe sentence imposed.
NOTES
[1] Initially, the court sentenced defendant to serve 91 days in jail, suspended all but 15 days of that sentence and imposed the described probationary term; subsequently, it made the 15-day incarceration a condition of defendant's probation. See, La.C.Cr.P. Art. 894.