428 So.2d 950 (1983)
STATE of Louisiana
v.
Liness THOMAS.
No. 82 KA 0710.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Ossie Brown, Dist. Atty., by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
The only issue in this appeal is whether a probationary condition imposed by the trial judge constitutes excessive punishment.
The defendant, Liness Thomas, was charged by Bill of Information with two counts of forgery in violation of LSA-R.S. 14:72. He pled guilty as charged and was sentenced to imprisonment at hard labor for five years on each count, the sentences to run concurrently. The trial judge suspended the sentences and placed defendant on four years' supervised probation. One of the conditions of defendant's probation is that he have no contact with his co-defendant and brother, Michael Thomas.
Defendant asserts that the trial court's restriction forbidding him from seeing his brother constitutes excessive punishment under LSA-Const. Art. 1,§ 20.[1] He acknowledges that his brother was involved in the offenses but argues that denial of his *951 right to associate with a family member is not reasonably related to his rehabilitation and, further, may have a detrimental effect on his rehabilitation rather than a positive one. Defendant also argues that this condition is contra bones mores.
The State counters that the trial judge was well within the authority granted by LSA-C.Cr.P. art. 895A(8)[2] to restrict the appellant from association with disreputable persons. The state further points out that the defendant could have been sentenced to a total of twenty (20) years in prison or could have been fined up to $10,000, or both. The state urges that the trial judge had no control over the fact that the defendant and his co-defendant were brothers.
LSA-C.Cr.P. art. 895 authorizes the trial judge to impose any specific conditions reasonably related to defendant's rehabilitation. Such conditions may include restricting defendant from "frequenting unlawful or disreputable places or consorting with disreputable persons." The trial judge has wide discretion in the imposition of sentences within statutory limits, and a sentence imposed will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Daranda, 398 So.2d 1053 (La.1981).
We find no manifest abuse of discretion in this case. A sentence is excessive when it is grossly out of proportion to the severity of the crime. State v. Hartman, 388 So.2d 688 (La.1980). Though a sentence may be excessive even when it is within statutory limits and thereby violate a defendant's state constitutional right against excessive punishment, State v. Sepulvado, 367 So.2d 762 (La.1979), such is not the case here.
The trial judge obviously believed that a period of supervised probation could do more to rehabilitate the defendant than serving a prison term. One of the problems of probation, however, is that often offenders revert to former life styles and re-establish former relationships which encourage and promote other crimes. If these problems are not removed, the probationary sentence is useless as a rehabilitory device. LSA-C.Cr.P. art. 895 gives the trial judge authority to impose any specific condition reasonably related to further defendant's rehabilitation. Often, family members exert great influence on each other. It is unfortunate that the appellant is prohibited from seeing his brother, but it is in appellant's best interest that he avoid any situation in which he is exposed to influences which adversely affect his rehabilitation.
It was well within the trial judge's authority to send appellant to prison, during which time appellant could not have associated with his brother or other members of his family. The trial judge, in his wisdom, *952 chose instead to impose upon appellant a probationary sentence which gives appellant much greater freedom, but which must have some restrictions and precautions to be effective. The condition imposed is not unreasonable and is not out of proportion to the crime committed and is not excessive.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] LSA-Const. Art. 1, § 20 provides as follows:

"No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.
[2] LSA-C.Cr.P. art. 895 provides as follows:

"When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
(1) Make a full and truthful report at the end of each month;
(2) Meet his specified family responsibilities;
(3) Report to the probation officer as directed;
(4) Permit the probation officer to visit him at his home or elsewhere;
(5) Devote himself to an approved employment or occupation;
(6) Refrain from owning or possessing firearms or other dangerous weapons;
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons;
(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment.
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed one year.
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions.