459 So.2d 6 (1984)
STATE of Louisiana
v.
Jerry C. MORGAN.
No. 83-KA-1022.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Rehearing Denied November 21, 1984.
Writ Denied February 4, 1985.
*7 J. Mark Rolling, Asst. Dist. Atty., Amite, for plaintiff-appellee.
Ron S. Macaluso, Hammond, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
*8 EDWARDS, Judge.
Defendant, Jerry C. Morgan, was charged by grand jury indictment with aggravated battery in violation of LSA-R.S. 14:34. After trial, a six-person jury found defendant guilty as charged. He was sentenced to five years imprisonment at hard labor and fined $5,000.00 plus costs, including jury costs in the sum of $3,010.34. The court suspended the prison sentence and fine, but not the costs, and placed defendant on active probation for five years subject to the following conditions: that (1) defendant pay the costs of court in equal installments of $200.00 until paid in full; (2) restitution be made to the victim, the amount and manner to be determined at a later date pending the outcome of the civil trial related to this same matter; (3) defendant attend an organized church of his choice on a regular basis; (4) defendant not be in any place that sells alcoholic beverages; (5) defendant spend eighty hours performing civic duty; and (6) defendant spend six months in the parish jail as a condition of probation, this six months to be suspended as long as there are no probation violations. Defendant now appeals his conviction and sentence.
On January 16, 1983, an altercation occurred at the Huddle Lounge in Hammond, Louisiana, in which defendant, a twenty year old man, hit the victim, Roland Chutz, a fifty-three year old man, about the face and eyes, injuring him to the extent that hospitalization and surgery were required. Defendant, his mother, and a friend of the family, who witnessed this incident, testified that the victim provoked the attack by spitting in defendant's face, by cursing defendant's father and by coming toward defendant with his fists clenched. Defendant testified that he hit Chutz twice with his fists and then only after provocation. The State, however, sought to prove that defendant hit the victim with a club or a stick.
Three coeds from Southeastern Louisiana University in Hammond, who were patrons of the lounge that evening and within close proximity of the victim, testified that defendant had a club or stick in his hand. Two of the three said that the victim was sitting at the bar facing away from the door, that defendant approached him from behind, turned him around, hit him with the club, and then with his fists. The third coed testified that upon hearing a loud noise, she turned around and saw defendant with the club in his hand, and that he then dropped the club and began hitting the victim with his fists. Neither the three coeds nor the bartender who broke up the fight heard any loud voices or any abusive language prior to the incident. Defendant testified that he had no more than four beers. The victim said he had nine or ten highballs. The club or stick allegedly used by the defendant was not entered into evidence at trial.
Although defendant made six assignments of error, he briefed only three, and consequently the remaining three assignments of error are abandoned. Rule 2-12.4 Uniform Rules, Courts of Appeal. Defendant assigns as error the trial judge's refusal to allow defense counsel to question prospective jurors during the voir dire as to whether they would promise to return a verdict of not guilty if the State failed to prove defendant's guilt beyond a reasonable doubt. The request was stated as follows:
Will you promise me that if you serve on this jury and after deliberations if ... and after discussion with other jurors... you are not convinced beyond a reasonable doubt that Jerry should be convicted of a crime, do I have your solemn promise that you will return a verdict of not guilty?
Voir dire transcript, 133. The trial judge reasoned that such a request was tantamount to asking a prospective juror for a commitment in advance as to his response regarding the case, and since such a promise would amount to juror misconduct, LSA-R.S. 14:130(1), he refused to allow the question.
The prosecutor in State v. Schouest, 351 So.2d 462 (La.1977), asked a prospective juror on voir dire if he would vote guilty if *9 the prosecution convinced him beyond a reasonable doubt that the defendant was guilty. According to the court, the prosecutor's reference to a promise to return a verdict of guilty if warranted by the facts was only a reminder of the juror's sworn duty, and therefore permissible. Defendant argues that his question was the converse of the Schouest prosecutor's question, and therefore also only a reminder of the juror's sworn duty.
It is true that the mere use of the word "promise" during voir dire to remind the jury of its sworn duty is not necessarily prejudicial to the accused. State v. Young, 337 So.2d 1196, 1200 (La.1976). Nevertheless, the disallowance of an otherwise proper question on voir dire does not automatically result in reversible error. State v. Frith, 412 So.2d 1000, 1004 (La.1982) (citing State v. Robinson, 404 So.2d 907, 911-12 (La.1981)). For a proper evaluation of the ruling of the trial court, the entire record of the voir dire examination must be considered. Id.
The Louisiana Constitution provides that the accused shall have the right to voir dire examination of prospective jurors and to challenge jurors peremptorily. La. Const. art. I, § 17. In addition, the Louisiana Code of Criminal Procedure provides that the court, the state and the defendant shall have the right to examine prospective jurors, and that the scope of the examination shall be within the discretion of the court. La.C.Cr.P. art. 786. The trial judge's ruling will be disturbed only in the event of clear abuse of discretion. State v. Robinson, 404 So.2d 907, 911 (La.1981) (citation omitted).
Upon a thorough review of the entire voir dire examination, we are convinced that defendant was not deprived of his constitutional or statutory rights by the judge's refusal to allow this question. It is clear from the transcript of the voir dire that the jurors understood that the burden was on the State to prove guilt beyond a reasonable doubt. Despite his refusal to allow this question, the judge gave the defense attorney wide latitude in examining prospective jurors so that the defendant's right to intelligently exercise challenges was not infringed. See State v. Frith, 412 So.2d at 1005. We find no abuse of discretion on the part of the trial court. This assignment of error lacks merit.
Defendant next contends that the evidence was insufficient to convict him of aggravated battery. He argues that the element of the use of a dangerous weapon in the commission of the battery was not proved beyond a reasonable doubt. The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Thomas, 439 So.2d 629, 632 (La. App. 1st Cir.1983) rev'd in part, 452 So.2d 1177 (La.1984) (citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Although defense witnesses testified that the defendant hit the victim with his fists only, three of the State's witnesses testified that the defendant held a club in his hand and two of those State witnesses said they actually saw defendant hit the victim with the club. Furthermore, the doctor who treated the victim after the incident testified that the wounds could have been caused either by fists or by a blunt instrument.
When there is conflicting testimony as to factual matters, the jury alone determines the credibility of witnesses. LSA-C.Cr.P. art. 802(3); State v. Klar, 400 So.2d 610, 613 (La.1981). The verdict indicates that the jury accepted the testimony of the State's witnesses that defendant, without provocation, hit the victim with a club, and the jury's evaluation of credibility is not reviewable on appeal. State v. Snoddy, 332 So.2d 800, 802 (La.1976). The evidence was sufficient to convict defendant of aggravated battery and, therefore, this assignment of error lacks merit.
*10 Defendant's final assignment of error concerns a condition of probation. His sentence of five years at hard labor and $5,000.00 plus costs was suspended and he was placed on active probation for five years. The judge imposed six special conditions of probation. Defendant complains only of one condition, that requiring him to regularly attend an organized church of his choice.
Although this is not the first time church attendance has been made a condition of probation in Louisiana, see State ex rel. Wright, 387 So.2d 75, 76-77 (La.App. 4th Cir.1980), it appears to be the first time the condition has been challenged.[*] Article 895 of the Code of Criminal Procedure authorizes the trial judge to impose any specific condition reasonably related to defendant's rehabilitation. Moreover, the trial court has wide discretion in the imposition of sentences within the statutory limits, and trial court sentences will not be set aside absent a manifest abuse of discretion. State v. Thomas, 428 So.2d 950 (La.App. 1st Cir.), cert. denied, 434 So.2d 410 (La.1983). The trial judge's reasons indicate that he believed this condition to be directly related to defendant's rehabilitation. We believe, however, that such a condition violates the establishment clauses of the United States Constitution and the Louisiana Constitution, which forbid laws "respecting an establishment of religion." U.S. Const. amend. I; La. Const. art. I, § 8.
Courts have given the establishment clause a broad interpretation; there is a "wall of separation" between church and state. Everson v. Board of Education, 330 U.S. 1, 8, 67 S.Ct. 504, 508, 91 L.Ed. 711 (1947).
"Neither a state nor the federal government can force or influence a person to go to or remain away from church against his will or force him to profess a belief or disbelief in any religion. No person can be punished for entertaining or professing religious beliefs or disbeliefs, or church attendance or non-attendance."
Seegers v. Parker, 256 La. 1039, 241 So.2d 213, 217 (1970) cert. denied, 403 U.S. 955, 91 S.Ct. 2276, 29 L.Ed.2d 865 (1971) (quoting Everson v. Board of Education, 330 U.S. 1, 15, 67 S.Ct. 504, 511, 91 L.Ed. 711 (1947)). Probation by its very nature restricts personal freedom. Nevertheless, we have a strong tradition of separation of church and state, and making church attendance a condition of probation threatens this separation. Accordingly, we vacate the condition of probation that defendant regularly attend an organized church of his choice. The conviction and sentence are otherwise affirmed.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[*] See also Drollinger v. Milligan, 552 F.2d 1220 (7th Cir.1977), in which the probation condition of church attendance was not challenged.