LINDSAY, Judge.
The defendant, Kamaleddin Pashandi, operator of a video tape rental business, was convicted by jury verdict of obscenity, a violation of LSA-R.S. 14:106. Defendant appeals, urging as error that his sentence is excessive and objecting to a special condition of probation imposed by the trial court. We affirm defendant’s sentence.
The defendant owned and operated a business in Monroe, Louisiana, known as “The Movie Shack.” In June, 1985 the defendant rented four video cassette tapes to an undercover police officer. These tapes were determined to be obscene and the defendant was placed under arrest and subsequently charged with the offense of obscenity. In September, 1985 the defendant was convicted by jury verdict of the *681 offense of obscenity. On November 7, 1985 defendant was sentenced to serve seven months in jail and pay a fine of $1,750 and costs. In default of payment of the fine, the defendant was to serve six months in the parish jail. The portion of the sentence requiring the defendant to be imprisoned for seven months was suspended and defendant was placed on supervised probation for a period of three years. Defendant was ordered to comply with the general conditions for probation found in LSA-C. Cr.P. Art. 895. In addition, the court imposed several special conditions of probation including that the defendant serve a term of fifteen days imprisonment in the Ouachita Parish Jail, that the defendant pay a monthly fee of $10 to the Department of Public Safety and Corrections to defray the cost of probation, and that within forty-five days, the defendant terminate any and all involvement with the business of video tape rentals or sales during the term of probation. Defendant appealed, arguing the sentence imposed by the court was excessive and particularly that the condition of probation that the defendant terminate all involvement with video tape rental and sales was improper.
It is well-settled the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence of the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
A sentence is constitutionally excessive in violation of La. Const, of 1974, Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
A violation of the obscenity statute carries a minimum penalty of a $1,000 fine or six months imprisonment with or without hard labor or both. The maximum sentence for violation of the statute is a fine of $2,500 or imprisonment for three years with or without hard labor, or both. The defendant was sentenced to pay a fine of $1,000 and to serve six months imprisonment in default of payment of the fine. In addition, defendant was sentenced to serve seven months imprisonment without hard labor. The sentence of imprisonment was suspended and defendant was placed on three years supervised probation. This sentence was very close to the minimum required by the obscenity statute and therefore was not excessive and was not an abuse of discretion by the sentencing court.
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 were adequately complied with by the trial court in individualizing the sentence to the defendant. At the sentencing hearing, the sentencing court reviewed a statement by the defendant that he had contacted local police officers and the city attorney’s office to determine the legality of renting such films. Defendant claims he was told it was legal to rent such films as long as they were not rented to minors. The sentencing court discounted defendant’s contentions and found that defendant “heard what he wanted to hear” regarding the rental of pornographic tapes.
The sentencing court noted that the defendant was Iranian and entered the Unit *682 ed States in 1976 on a student visa. The defendant earned a bachelor of science degree from Northeast University in computer science and had done work toward a degree in engineering at a university in Arizona. Defendant had no prior criminal record and had a good employment record as an engineering technician with an engineering firm in Monroe.
The sentencing court, in placing defendant on active, supervised probation for three years, ordered him to comply with the usual conditions of probation found in LSA-C.Cr.P. Art. 895. In addition, as a special condition of probation, defendant was given forty-five days to completely terminate his involvement in the the business of video tape rentals or sales. On appeal, defendant argues this special condition of probation is improper. It appears that the crux of this appeal relates to this special condition of probation.
The special conditions of probation are set forth in LSA-C.Cr.P. Art. 895, which provides:
A.When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
(1) Make a full and truthful report at the end of each month;
(2) Meet his specified family responsibilities;
(3) Report to the probation officer as directed;
(4) Permit the probation officer to visit him at his home or elsewhere;
(5) Devote himself to an approved employment or occupation;
(6) Refrain from owning or possessing firearms or other dangerous weapons;
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; or
(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment.
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions.
In addition to the conditions of probation enumerated in LSA-C.Cr.P. Art. 895, the sentencing court is given authority to “impose any specific conditions reasonably related to his rehabilitation.” In the present case, requiring defendant to completely abstain from the sale or rental of video tapes during the term of probation is reasonably related to his rehabilitation. The sentencing court stated that determining whether a particular film violates the obscenity statute is often a difficult task and that defendant’s continued involvement in the business of video tape rental and sales would almost certainly lead to a violation of the condition of his probation not to engage in illegal conduct. The trial court also noted in imposing this condition of probation that defendant was well-educated and had the capacity to support himself in another field of work.
The jurisprudence applying LSA-C.Cr.P. Art. 895 has upheld special conditions of probation reasonably related to the rehabilitation of a defendant. In State v. Credeur, 328 So.2d 59 (La.1976) a defendant convicted of aggravated crime against nature with one of his children was ordered, as a special condition of probation, not to communicate with his children except through the Department of Welfare, until the children reached eighteen years of age. In State v. Morgan, 389 So.2d 364 (La. 1980), a defendant convicted of attempted prostitution was placed on probation and as *683 a special condition ordered not to go into the French Quarter of New Orleans, an area known for night life and prostitution. The court found defendant’s rehabilitation would best be served by removal from an environment in which the court stated offenses of prostitution are commonly committed. In State v. Thomas, 428 So.2d 950 (La.App. 1st Cir.1983), writ denied 434 So.2d 410 (La.1983), a defendant and his brother were convicted of forgery. As a special condition of probation, the defendant was ordered not to associate with his brother. The court found that during probation, defendants frequently revert to former lifestyles and reestablish former relationships which encourage and promote the commission of other crimes unless such problems are removed.
Conditions of probation not reasonably related to the rehabilitation of the defendant have been struck down. In State v. Carey, 392 So.2d 443 (La.1981), the defendant was convicted of receiving welfare benefits and services to which she was not entitled. As a special condition of her probation she was ordered to serve one year in the parish jail and make restitution in the amount of $50 per week. Defendant was the mother of seven children with a monthly income of $528. The court found this condition of probation unacceptable as it was so harsh that the probationer was destined to failure at the start.
In State v. Labure, 427 So.2d 855 (La. 1983), defendant was convicted of simple burglary and placed on five years supervised probation. As a special condition of probation the trial court imposed a 9:00 p.m. curfew during the duration of probation. This condition was not upheld by the Supreme Court because such condition would not have a rehabilitative effect and was harsh and excessive.
In State v. Alleman, 439 So.2d 418 (La. 1983), defendant was convicted of making obscene phone calls. As a condition of probation defendant was ordered to attend a substance abuse clinic. This condition was struck down because there was no indication of substance abuse connected with the commission of defendant’s crime.
In State v. Spano, 380 So.2d 620 (La. 1980), defendant was convicted of simple battery and as a special condition of probation was prohibited from going to any place of public entertainment or where the principle commodity sold was alcoholic beverages. The court found exclusion from bars was related to the defendant’s rehabilitation, but that he could not be excluded from all places of entertainment as that requirement was not reasonably related to his rehabilitation.
In State v. Morgan, 459 So.2d 6 (La.App. 1st Cir.1984) writ denied 462 So.2d 1263 (La.1985), defendant was convicted of aggravated battery and as a special condition of probation he was ordered to attend church regularly. This condition was struck down as violating the separation between church and state.
Several cases in the federal jurisprudence have considered conditions of probation which required the defendant to seek another means of livelihood. Such conditions have generally been upheld if reasonably related to the rehabilitation of the defendant and if the condition is well tailored to meet that objective.
In Stone v. U.S., 153 F.2d 331 (9th Cir. 1946), a defendant was prohibited as a condition of probation from working as steward or assistant steward on a train after conviction of conspiracy to unlawfully take money from a dining car moving in interstate commerce. The court pointed out this condition was aimed at removing temptation from the defendant and the court noted that there was no indication that working on a train was the only way that defendant could earn a living.
In Berra v. United States, 221 F.2d 590, (8th Cir.1955), aff. other grounds 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed 1013 (1956), defendant, a labor union official was convicted of endeavoring to influence a witness before a grand jury. The investigation concerned tax evasion in connection with union dealings. A condition of probation prohibiting defendant from holding of *684 fice or employment as a labor union official was upheld.
In Barnhill v. U.S., 279 F.2d 105 (5th Cir.1960), cert. denied 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed.2d 53 (1960), a condition of probation was upheld prohibiting defendants from engaging in gambling. Defendants had previously been engaged in legitimate gambling activities but were convicted of evading federal gambling taxes. The court noted that it was professional gambling that caused the defendants’ initial difficulty and it found this probationary condition a proper exercise of the sentencing court’s discretion.
In Whaley v. U.S., 324 F.2d 356 (9th Cir.1963), cert denied 376 U.S. 911, 84 S.Ct. 665 11 L.Ed.2d 609 (1964), reh. den. 376 U.S. 966, 84 S.Ct. 1122, 11 L.Ed.2d 984 (1964), defendant was convicted of impersonating an FBI agent in the course of his employment of. repossessing cars and boats. A condition of probation prohibiting defendant from being employed in the repossession business was upheld.
In U.S. v. Barrasso, 372 F.2d 136 (3d Cir.1967), a labor union official convicted of taking money from an employer was ordered as a condition of probation not to be employed as a labor union official. This condition was upheld.
In U.S. v. Villarin Gerena, 553 F.2d 723 (1st Cir.1977), a condition of probation was upheld where a police officer was required to resign from the force as a condition of probation after he arrested a private citizen without probable cause and struck him repeatedly with his nightstick.
Several state and federal courts have struck down conditions of probation not reasonably related to rehabilitation. In U.S. vs. Pastore, 537 F.2d 675 (2d Cir.1976), the court struck down a condition of probation requiring defendant, a lawyer, to discontinue law practice and to resign from the bar. Defendant was convicted of filing a false tax return. The court held that this condition of probation was not related to the offense involved and its requirements would affect the defendant long after the probationary period expired.
In McPike v. State, 473 So.2d 291 (Fla. 2d Dist.Ct.App.1985), a condition of probation prohibiting the defendant, a doctor, from writing prescriptions was held to be erroneous. The defendant was convicted of twenty-two counts of grand theft. The court found the practice of medicine was not related to this offense and therefore this was an invalid condition of probation not reasonably related to rehabilitation.
Perhaps the best formula for evaluating whether a probationary condition is reasonably related to rehabilitation is found in U.S. v. Tonry, 605 F.2d 144 (5th Cir.1979), in which a Louisiana congressman was convicted of violating the General Election Campaign Act. As a condition of probation defendant was prohibited from seeking public office during the probationary period or engaging in any political activity. Defendant objected to this condition as a violation of his rights under the first amendment of the United States Constitution. The court, in upholding this condition, noted that a probationary condition is not necessarily invalid because it áffects the probationer’s ability to exercise a constitutionally protected right. The court cited the standard set forth in U.S. v. Pierce, 561 F.2d 735 (9th Cir.1977), cert denied 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978) to determine whether a condition of probation was reasonably related to rehabilitation. The factors to be considered are:
1. Purposes sought to be served by probation;
2. The extent to which constitutional rights enjoyed by law abiding citizens should be accorded to probationers;
3. Legitimate needs of law enforcement.
In applying this standard to the present case, the condition of probation imposed upon the defendant was reasonably related to his rehabilitation. The purposes of probation are to rehabilitate the defendant and protect the public. Due to the temptation to deal in pornographic materi *685 als that would exist should the defendant continue in the video business and the fact that defendant admitted that he might not always be able to discern which films would fall under the obscenity statute, the requirement that he not engage in this business was reasonable.
In defendant’s statement to the probation officer set forth in the presentence investigation report, the defendant expressed some doubt as to whether he would be able to determine when he was violating the obscenity law. Certainly in that context there was a likelihood that the defendant may continue to commit similar offenses should he remain in the business of selling and renting video materials. In the present case, the defendant questioned the authorities as to whether the tapes he was renting were illegal. Although he was advised of their illegality, his response by proceeding to rent the movies indicated the defendant would continue to try to go to the limit of what was allowed and possibly beyond that point. There is no indication that the rental and sales of video materials should be allowed defendant during the probationary period. This condition of probation also serves the general purposes of law enforcement in preventing violations of the obscenity statute.
It should also be noted that in this case the defendant is not deprived of his sole means of providing for his livelihood. The sentencing court noted the defendant was trained in engineering, had been employed ' by an engineering firm and could probably obtain more lucrative employment in that field.
In the present case requiring the defendant to cease operating his video rental sales business during the term of probation is directly related to the offense and is aimed at assuring that the defendant is rehabilitated and does not again violate the obscenity law. Therefore, this is a proper condition of probation and not excessive.
For the above stated reasons, the sentence imposed by the trial court is affirmed.
AFFIRMED.