GARRISON, Judge.
The defendant, William W. Durocher, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. A jury found the defendant guilty of attempted manslaughter. After a pre-sentence investigation, the trial court sentenced the defendant to ten years at hard labor. The trial judge then suspended this sentence and ordered the defendant to serve five years in the Plaquemines Parish prison. Defendant now appeals his conviction and sentence.
On January 14, 1985, Josephine Valiant, an employee of the Bayou Club in Venice, Louisiana, quit her job after a disagreement with defendant, the owner of the Bayou Club. Later that evening, Valiant and her boyfriend, Philip Saunier, and some of their friends were patronizing this establishment. The defendant requested several times that these patrons leave the club but they refused. An altercation ensued between the defendant and Saunier during which Saunier was shot by defendant.
At trial, Saunier testified that the defendant shot him in the back without provocation. The defendant testified that he shot Saunier in self-defense after Saunier grabbed him and pointed a lighted cigarette in his face.
A review of the record shows that the trial court improperly sentenced the defendant to serve five years in parish prison after suspending defendant’s original sentence of ten years at hard labor. LSA-C.Cr.P. art. 895 provides in part:
“A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.... ”
Defendant’s five year prison term as a condition of his probation was clearly viola-tive of the two year maximum term provided for in C.Cr.P. art. 895 B. Furthermore, because the maximum sentence for attempted manslaughter, LSA-R.S. 14:27 and 14:30.1, is ten and one-half years, the total number of years of a sentence that has been suspended together with any additional prison term imposed under art. 895 B cannot exceed that amount of time. To do so is impermissible because the defendant would then be exposed to the risk of serving a jail term in excess of the maximum authorized by statute in the event that his probation is revoked. State v. Jones, 477 So.2d 914 (La.App. 4th Cir.1985).
Therefore, defendant’s sentence is vacated and this case is remanded for resentenc-ing.
In defendant’s first assignment of error, he contends that the trial court erred in denying his motion for mistrial. The motion was based upon defendant’s argument that the State, in its opening statement, referred to an inculpatory statement allegedly made by the defendant in violation of LSA-C.Cr.P. art. 767. Furthermore, defendant claimed that he was not given pretrial notice of this statement as required by LSA-C.Cr.P. art. 768.
The State’s remark in question is as follows:
“One eyewitness, Sandra Kepple, ran to a telephone outside the bar window to *583 call for an ambulance, but when she got to it, she was confronted by the defendant, who put a pistol to her face and asked her if she wanted him to ‘blow her damn face off.” (Tr. p. 443)
In State v. Scott, 446 So.2d 448 (La.App. 4th Cir.1984), writ denied, 450 So.2d 358 (La.1984), this Court cited the case of State v. Labostrie, 358 So.2d 1243 (La.1978), which defined “inculpatory statement”, as referred to in C.Cr.P. art. 767, as an out-of-court admission of incriminating facts made by a defendant after the crime has been committed. In the Scott case, as in the instant case, the defendant argued that a threat is an inculpatory statement and, therefore, a prosecutor’s reference to threats in the opening statement is viola-tive of C.Cr.P. art. 767. This Court, in Scott, stated that although a threat may be an incriminating fact, it does not, of itself, constitute an admission of incriminating facts and, therefore, the mention of threats by the State in the opening statement does not violate C.Cr.P. art. 767.
Therefore, the State’s reference, in its opening statement, to threats made by the defendant was not violative of C.Cr.P. art. 767. The trial judge properly denied defendant’s motion for mistrial made on that basis.
In the second assignment of error, defendant argues that the trial court erred in refusing defendant’s request to include the penalties for attempted second degree murder in the charge to the jury. In State v. Jackson, 450 So.2d 621 (La.1984), the Louisiana Supreme Court stated as follows:
“When the penalty imposed by the statute is a mandatory one, the trial judge must inform the jury of the penalty on request of the defendant and must permit the defense to argue the penalty to the jury. State v. Hooks, 421 So.2d 880 (La.1982); State v. Washington, 367 So.2d 4 (La.1978). In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required, following verdict, the decision to permit or deny an instruction or argument on an offense’s penalty is within the discretion of the trial judge. State v. Williams, 420 So.2d 1116 (La.1982); State v. Dawson, 392 So.2d 445 (La.1980); State v. Carthan, 377 So.2d 308 (La.1979); State v. Blackwell, 298 So.2d 798 (La.1974) (on rehearing), cert. denied, 420 U.S. 976, 95 S.Ct. 1401, 43 L.Ed.2d 656 (1975).”
In this case, neither the offense charged, attempted second degree murder, nor any of the responsive verdicts therein carry a mandatory penalty. All of these offenses have stated maximum penalties; however, none have mandatory minimum penalties. Therefore, the trial judge was within his discretion in denying defendant’s request to have the penalty provisions for these offenses included in the charge to the jury.
For these reasons, the defendant’s conviction is affirmed. However, defendant’s sentence is vacated and this case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING. '