571 So.2d 192 (1990)
STATE of Louisiana
v.
Gilda SARTAIN.
No. 90-KA-1238.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 1990.
*193 Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, C.J., and KLEES and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant Gilda Sartain was charged by bill of information filed November 10, 1989, with a violation of La.R.S. 14:67, theft of more than $500.00. She was arraigned and plead not guilty on November 20, 1989. At trial, March 16, 1990, Ms. Sartain was found guilty. She was sentenced on March 30, 1990, to serve seven years in custody of the Department of Corrections; her sentence was suspended and she was placed on five years active probation with the following conditions: the defendant is to serve eighteen months in Orleans Parish Prison and upon her release, she is to pay the victim restitution of $400.00 per month for sixty consecutive months. Ms. Sartain appeals arguing that the sentence is excessive and violates La.C.Cr.P. art. 893.
At trial NOPD Detective Nat Kruebbe testified that he was assigned to the Pawnshop Division when the defendant's name was listed as a suspect to a jewelry theft; his investigation showed that she had made nine separate sales to Manner's Jewelers in three months. The detective retrieved six items which Mrs. Evelyn Svendson, the victim, identified as her stolen property. Mrs. Svendson testified that the defendant worked in her home two days a week from July, 1988, until August, 1989. Mrs. Svendson said that on August 22, 1989, she cashed a check for $600.00, and returned home; only her husband and the defendant were in her house. Shortly thereafter, Mrs. Svendson realized she was missing $200.00 of the $600.00; she confronted Gilda Sartain, and the defendant denied taking the money. Mrs. Svendson also said that she had found money missing at other times. Mr. Vern Svendson, husband of Evelyn Svendson, testified that when he confronted Gilda Sartain about the missing $200.00, the defendant admitted she had taken it. On another occasion, according to Mr. Svendson, when Mrs. Svendson was missing an expensive ring, Mr. Svendson spoke to Gilda Sartain about it, asking her to look carefully for the ring. On her next working day, the defendant said she had found the ring under a dresser.
Ms. Norma Nickols testified for the defense that Gilda Sartain worked for her, had access to her house and everything in it and had never stolen anything. She also stated that the defendant had jewelry of her own. Ms Sartain took the stand and *194 testified that Mrs. Svendson agreed to sell her some of the items she eventually pawned and that other pieces of jewelry were given to her by her family. Ms. Sartain admitted to a conviction in 1978 for possession of mescaline. Under cross-examination, the defendant could not explain how the pawned jewelry her grandmother gave her was so similar to that lost by Mrs. Svendson.
The defendant makes two arguments on appeal: first, the restitution imposed is too harsh and insures the probation will fail; and second, the probationary period exceeds the five year term provided by La.C. Cr.P. art. 893. The arguments have merit.
Conditions of probation not reasonably related to the rehabilitation of the defendant have been struck down. State v. Labure, 427 So.2d 855 (La.1983); State v. Spano, 380 So.2d 620 (La.1980); State v. Morgan, 459 So.2d 6 (La.App. 1st Cir.1984), writ denied 462 So.2d 1263 (La.1985); State v. Thomas, 428 So.2d 950 (La.App. 1st Cir. 1983), writ denied 434 So.2d 410 (La.1983). In State v. Carey, 392 So.2d 443, 444 (La. 1981), the defendant was convicted of receiving more than $10,000.00 in welfare benefits to which she was not entitled. Her sentence of five years at hard labor was suspended and she was placed on five years active probation, to serve the first year in parish prison and to make restitution at a rate of $50.00 per week from the time of her release from prison until the entire amount stolen was repaid. The Supreme Court set aside the sentence finding that "the schedule of payments established by the trial court [is] virtually unsupportable by defendant" who earned $528.00 per month and was the sole support of seven children and herself.
Like the defendant in Carey, supra, Ms. Sartain is the sole support of herself and four children; she has earned $35.00 a day as a domestic. A restitution payment of $400.00 per month would take more than half of her income. This term of probation is unlikely to be fulfilled; it will not promote the rehabilitation of the defendant. Indeed, it almost insures the failure of the probation. Thus, the amount of restitution ordered must be set aside as excessive.
La.C.Cr.P. art. 893 governs suspension of sentence and probation in felony cases. Section A of art. 893 provides:
When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of ... sentences, ... and ... place the defendant on probation under the supervision of the division of probation and parole.... The period of probation shall be specified and shall not be less than one year nor more than five years. (Emphasis added.)
Furthermore, La.C.Cr.P. art. 895 lists ten conditions of probation. Section B of art. 895 provides that the trial court may require as an "additional condition of the probation" that the defendant serve time in prison. In the instant case, Ms. Sartain was sentenced to seven years in custody of the Department of Corrections, the sentence was suspended and she was placed on probation for five years, the maximum time allowed by art. 893. According to the terms of her probation, she was to spend eighteen months in parish prison and five years making restitution. Under the Official Revision Comment (c) of art. 895, paragraph B is discussed as providing "specific legislative authorization to order short term confinement without hard labor as a condition of probation." Thus the eighteen months of confinementas a condition of probationand the five years of probation must be added for the total amount of probation time. The sum is more than the five years allowed in art. 893.
For the reasons cited above, we affirm the defendant's conviction but set aside the sentence and remand the case for resentencing.
CONVICTION AFFIRMED; SENTENCE SET ASIDE; REMANDED FOR RESENTENCING.