645 So.2d 1282 (1994)
STATE of Louisiana
v.
Brenda BROWN.
No. 93-KA-2305.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1994.
*1283 Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Mark Pethke, Asst. Dist. Attys. of Orleans Parish, New Orleans, for plaintiff/appellee.
Ginger Berrigan, Gravel, Brady & Berrigan, New Orleans, for defendant/appellant.
Before PLOTKIN, JONES and LANDRIEU, JJ.
JONES, Judge.
By bill of information dated April 21, 1993, defendant, Brenda Brown, was charged with the negligent homicide of Brenda Gillis. On June 14, 1993, defendant pled guilty. The record is devoid of any statement of the facts of this crime other than a statement the defendant gave to the police.
Defendant stated that on January 3, 1993, she and Brenda Gillis, with whom defendant lived, went to a bar to watch a football game. While there they got into an argument. Defendant returned home and sometime later Ms. Gillis returned home as well. Defendant went into her bedroom and closed the door. Ms. Gillis began beating the door, managed to get into the room and approached defendant. Defendant stated that she got a gun from underneath the bed and it fired twice. Defendant did not recall pulling the trigger. Ms. Gillis was hit in the chest by one of the bullets and she died.
The maximum sentence for negligent homicide is five years, with or without hard labor. La.R.S. 14:32. The trial court suspended defendant's sentence of five years at hard labor and placed her on five years active probation with the following special conditions: defendant must pay a $20.00 per month probation fee, serve eighteen months in prison without the benefit of good time, parole or suspension of sentence; perform one-thousand hours of community service and submit to counseling.
The trial court denied defendant's motion for reconsideration of sentence. Subsequently, defendant filed an appeal on December 13, 1993, based on the illegality of the sentence. On appeal, the State joins the defendant in alleging that the special condition of imprisonment attached to probation "potentially subject[s] the defendant to more prison time than is allowed under the statute for which the defendant was convicted."
A review of the record reveals three errors patent concerning defendant's sentence, one of which requires that the sentence be vacated and the case remanded for resentencing. A "district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect of the sentence is to expose the defendant to a greater term of imprisonment than provided by the statute he violated." State v. Diaz, 615 So.2d 1336, 1337 (La.1993); State v. Newell, 497 So.2d 4, 5 (La.App.4th Cir.1986).
*1284 In State v. Jones, 477 So.2d 914 (La. App.4th Cir.1985), defendant was convicted of aggravated battery, a violation of La.R.S. 14:34, for which the maximum sentence is ten years. The trial court suspended the maximum sentence and placed defendant on five years probation with eighteen months in prison as a special condition. Citing State v. Wagner, 410 So.2d 1089 (La.1982), this Court stated on appeal "that when the maximum sentence is imposed, then suspended, with additional imprisonment, such a sentence is illegal because it subjects the defendant to a term in excess of that authorized by statute." Id. at 917. This Court went on to suggest that a more permissible sentence would be eight years and six months at hard labor and five years active probation with eighteen months in prison as a probation condition. Id. at 917 n. 5.
In State v. Durocher, 514 So.2d 581 (La. App.4th Cir.1987), defendant was convicted of attempted manslaughter, a violation of La.R.S. 14:27 and 14:31, attached to which was a maximum sentence of ten and a half years. The trial court ordered defendant to serve five years in prison after suspending the original sentence of ten years at hard labor. The appellate court found such a sentence to be improper because it exposed the defendant to the risk of serving fifteen years in prison if probation was revoked, a term that exceeded the maximum sentence authorized by statute. Id. at 582.
In the present case, defendant is exposed to a sentence of imprisonment of six and one-half years, which exceeds the five year maximum for negligent homicide. La.R.S. 14:32. Thus, defendant's sentence must be vacated and the case remanded for resentencing so that the trial court can specify that in the event of a revocation of probation, defendant's time spent in jail as a condition of probation together with the term of imprisonment imposed because of the revocation shall not exceed the five year maximum sentence. Diaz, 615 So.2d at 1337.
Furthermore, La.C.Cr.P. article 893(A), relative to suspension of sentences in non-capital felonies for first or second time offenders, restricts the probationary period to no more than five years. In State v. Sartain 571 So.2d 192 (La.App.4th Cir.1990) it was held that the period of confinement, made a condition of the probation, must be added to the period of probation for the total amount of probation time. Courts must look at this total amount of probation time in determining whether the probationary period permitted by article 893 has been exceeded. Defendant's sentence in the instant case fails to comply with article 893(A) and this issue should be addressed as well by the trial court upon resentencing.
The record reveals two other errors patent. In imposing sentence, the trial court denied good time and parole eligibility. The trial court may not deny good time eligibility to a defendant even if he is prohibited from earning it by operation of law. State v. Parker, 573 So.2d 1253, 1255 (La.App.4th Cir.) writ denied 577 So.2d 12 (La.1991); State v. Malancon, 536 So.2d 430, 434 (La. App.4th Cir.1988).
Additionally, the trial court was without authority to deny parole eligibility because parole eligibility is not prohibited for a conviction of negligent homicide. La.R.S. 14:32. Parole eligibility is to be determined by the Department of Corrections. La.R.S. 15:574.4; State v. Hudson, 618 So.2d 539, 540 (La.App.4th Cir.) writ denied 623 So.2d 1334 (La.1993). Therefore, on remand for resentencing, the trial court cannot deny defendant either good time or parole eligibility.
Defendant filed several assignments of error, all of which deal with the issue of excessiveness of sentence. Because we have already concluded that defendant's sentence is illegal and must be vacated, we address these assignments only for the sake of completeness. In defendant's first two assignments of error, she complains of the trial court's imposing a sentence in excess of that recommended under the sentencing guidelines and the trial court's failure to consider mitigating circumstances. In her other assignment of error, defendant complains that the sentence is excessive under Article I, Section 20 of the Louisiana Constitution.
Article 1, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of *1285 excessive punishment. A sentence may be reviewed for excessiveness even though it is well within statutory guidelines. La.C.Cr.P. art. 881.2; State v. Cann, 471 So.2d 701, 703 (La.1985). The imposition of a sentence may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984) cert. denied 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). To insure adequate review by the appellate court, the record must indicate that the trial court considered the factors set forth in the sentencing guidelines. La.C.Cr.P. art. 894.1; State v. Husband, 593 So.2d 1257, 1258 (La.1992).[1]
In State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237, the Louisiana Supreme Court held as follows:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Id., 639 So.2d at 240; (emphasis in original). Thus, while the guidelines must be considered in sentencing, the trial judge has discretion to impose a sentence outside the range suggested if he states for the record adequate reasons for the sentence. The trial court has discretion to impose a sentence within the statutory sentencing range as long as the factual basis for the sentence is stated for the record. Absent a manifest abuse of discretion, the sentence imposed by a trial judge should not be set aside as excessive. La.C.Cr.P. art. 881.4(D); State v. Washington, 414 So.2d 313 (La.1982); State v. Williams, 412 So.2d 1327 (La.1982).
At defendant's sentencing hearing, the trial court stated that it had taken into consideration everything that had been presented to him including the facts of the case itself. After discussing the statement given by defendant to the police on the night of the shooting, the trial court stated that the statement was at least equally consistent with manslaughter as it was with negligent homicide and as equally consistent with a "passionate" shooting as with negligent homicide. The trial court then stated that any sentence less than the one he intended to impose would deprecate the seriousness of the offense. The trial court made no reference whatsoever to the sentencing guidelines.
If the trial court's statement for the record of the considerations taken into account and the factual basis for the sentence imposed is either nonexistent or simply inadequate for proper review, the reviewing court can remand the case to the trial court for supplementation. La.C.Cr.P. art. 881.4(C); State v. Smith, 639 So.2d at 243. In the present case, the trial court did not comply with La.C.Cr.P. art. 894.1 because it failed to state for the record whether it had considered the sentencing guidelines and decided to deviate from them. This constitutes an additional *1286 reason for remanding the case for resentencing.
For the foregoing reasons, defendant's sentence is vacated and this matter is remanded for resentencing. Defendant did not appeal her conviction.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] La.C.Cr.P. art. 894.1 provides:

A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.