JiPER CURIAM: *
We granted relator’s writ application to resolve a split in the courts of appeal and to decide whether, as relator urges and one court of appeal has held, a term of imprisonment not at hard labor imposed as a special condition of probation pursuant to La.C.Cr.P. art. 895(B) must be added to the period of probation imposed to compute the total amount of probation time, which under La. C.Cr.P. art. 893(A) may not exceed five years. See State v. Brown, 93-2305, pp. 3-4 (La.App. 4th Cir. 11/17/94), 645 So.2d 1282, 1284; State v. Sartain, 571 So.2d 192, 194 (La.App. 4th Cir.1990). The lower courts held to the contrary in the instant case, deciding that such a term of imprisonment does not count towards the maximum five-year probationary period imposed by the district court in sentencing relator. See Becnel v. State, No. 93-KH-515 (La.App. 5th Cir. Jul. 21, 1993).
The Legislature first set a five-year maximum on the length of a term of probation in 1942. See 1942 La. Acts No. 49; see also Dale E. Bennett, Criminal Law and Procedure, 21 La.L.Rev. 66, 74 (reviewing major 1960 revision to codal articles on probation and noting influence of A.L.I. Model Penal Code, Tent.Draft No. 4 at 146-48 (1955)). The Legislature first expressly ^authorized the imposition of imprisonment not at hard labor as a condition of probation in 1974.-See La.Acts 1974 No. 211; see also La. C.Cr.P. art. 895 cmt. (c). However, no legislative enactment addresses the question of whether the term of imprisonment should count towards the maximum probationary period.
In the absence of an express legislative intent, principles of lenity require that we resolve any ambiguity in favor of relator. See State ex rel. Mims v. Butler, 601 So.2d 649, 655 (La.1992); State v. Freeman, 411 So.2d 1068, 1072 (La.1982). We therefore hold that the two years relator served in parish prison as a condition of probation must count towards the five-year maximum and that relator thus received an illegal sentence when the trial court imposed a five-year probationary term to begin running after relator’s release from the parish jail. See United States v. Rodriguez, 682 F.2d 827 (9th Cir.1982) (“six months in [a] jail-type institution should be included in the ... maximum five-year probationary period” set out in former 18 U.S.C. § 3651). This result accords with our recent decision in State v. Diaz, 615 So.2d 1336, 1337 (La.1993), which holds that “a district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect of the sentence is to expose the defendant to a greater term of imprisonment than provided by the statute he violated.”
We therefore amend only that portion of the sentence imposed which calls for 60 months active probation to call instead for 36 months active probation; in all other respects, relator’s sentence remains unchanged. This case is remanded for any further proceedings consistent with this opinion.
SENTENCE AMENDED; CASE REMANDED.

 Victory, J., not on panel. See Rule IV, Part 2, § 3.