*1177 I strongly disagree with this Court's decision to deny the writ in this case. Defendant, Lemondre Markes Tucker, and his mother were convicted of jury tampering pursuant to La. R.S § 14:129, which convictions were upheld on appeal.[1] Under the facts presented in this case, I find these convictions to be a clear error of law. The text of La. R.S. § 14:129 provides, in pertinent part:
Jury tampering is any written or verbal communication or attempted communication, whether direct or indirect, made to any juror in a civil or criminal cause, including both grand and petit jurors, for the purpose of influencing the juror in respect to his verdict or indictment in any cause pending or about to be brought upon him....
In this case, the offending communications occurred between the defendant, his mother, and a prospective juror who took part in voir dire , but who was never impaneled. A prospective juror is, plainly, someone who is not yet a juror. Importantly, criminal statutes may not be given extended application by analogy, but must be interpreted "according to the fair import of their words, taken in the usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. § 14:3. The principle of lenity "directs that a court construe a criminal statute in favor of the most narrow application when there are serious doubts concerning a meaning of a term." State v. Ritchie, 590 So.2d 1139, 1149, n. 6 (La. 1991) ; State v. Boowell , 406 So.2d 213, 216 (La. 1981). Indeed, criminal statutes are strictly and narrowly construed with any ambiguity resolved in favor of an accused. See State v. Carr , 99-2209, pp. 4-5 (La. 5/26/00), 761 So.2d 1271, 1274 (citing State v. Becnel , 93-2536, p. 2 (La. 5/31/96), 674 So.2d 959, 960 ); State v. Piazza , 596 So.2d 817, 820 (La. 1992).
The language in La. R.S. § 14:129 states that the term "juror" includes both grand and petit jurors. In this context, the absence of a reference to any category such as "prospective jurors" or "members of the venire" is meaningful. Furthermore, the penalty provision of La. R.S. § 14:129 supports this plain language interpretation in its apparent assumption of jury impanelment:
(2) Whoever commits the crime of jury tampering in a criminal case shall be furnished as follows:
(a) If the offense charged in the trial for which the jury has been impaneled is punishable by death or life imprisonment, the offender shall be imprisoned at hard labor for not more than ninety-nine years.
(Emphasis added).
Likewise, the pattern jury instruction for this statute explicitly includes finding impanelment of the jury as an element of the crime of jury tampering:
....
Thus, in order to convict defendant of jury tampering you must find:
....
[ (4) that the jury was impaneled in the trial of a criminal case when the communication was made or attempted communication was made.]
Cheney C. Joseph & P. Raymond Lamonica, 17 La. Civ. L. Treatise, Criminal Jury Instructions § 10:208 (3rd ed. 2012) (emphasis added).
*1178 As the Trial Court in this case determined pre-trial that the prospective juror was a "juror" for the purpose of La. R.S. § 14:129 and did not permit the defense to raise this issue before the jury, legal error interdicted the fact-finding process. The lower courts' failure to strictly interpret the applicable law has thus resulted in the impermissible jurisprudential expansion of a criminal statute. Although the Legislature may decide that it wishes to amend La. R.S. § 14:129 to encompass communications with prospective jurors, courts are without discretion to stretch statutorily-defined offenses to create desired outcomes. I would grant this writ and reverse the defendant's conviction.

Although these cases were consolidated before the Court of Appeal, defendant and his mother applied separately for writs to this Court. Because defendant's mother's writ application was untimely, it has not been considered.